UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAPHNE VAN EVER-FORD,                           **REPORT AND**
                                                                              **RECOMMENDATION**
                                             Plaintiff,

v.                                                                                      13-CV-00412-LJV-JJM

STATE OF NEW YORK, OFFICE OF MENTAL
HEALTH (BUFFALO PSYCHIATRIC CENTER),

                                             Defendant.
_____

         This case has been referred to me by Hon. Lawrence J. Vilardo for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [68].[1] Before me is the motion by defendant State of New York, Office of Mental Health ("OMH") for summary judgment pursuant to Fed. R. Civ. P. ("Rule") 56 [65]. Neither party has requested oral argument. For the following reasons, I recommend that the motion be denied.

## BACKGROUND

         Plaintiff's Amended Complaint [64] seeks recovery pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq*., for alleged disability discrimination by OMH. The facts relevant to this motion are succinctly set forth in OMH's Statement of Undisputed Facts [66], which plaintiff does not dispute (*see* plaintiff's Rule 56 Response [70-1]), and need not be repeated here.

---

[1]      Bracketed references are to CM/ECF docket entries.

## ANALYSIS

In moving for summary judgment, OMH argues that because plaintiff received an adverse determination from the New York State Division of Human Rights ("DHR") following an administrative evidentiary hearing, her Rehabilitation Act claims in this court are barred by the doctrine of *res judicata*. OMH's Memorandum of Law [67], Point I. "[N]on-judicially reviewed state agency determinations are frequently given preclusive effect under federal common law . . . . unless Congress has expressed an intention to the contrary." Id., p. 5, *citing* University of Tennessee v. Elliot, 478 U.S. 788, 797-99 (1986).

However, Elliott held that "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims", 478 U.S. at 796, and as plaintiff points out (plaintiff's Memorandum of Law [70], Point I), Elliott's reasoning has also been applied to claims under the Rehabilitation Act. For example, in Staats v. County of Sawyer, 220 F.3d 511, 514 (7th Cir. 2000), the court recognized that judicial review of an administrative determination is a prerequisite to preclusion of a Rehabilitation Act claim:

> "State administrative findings *that have been subjected to state judicial review* are entitled to both claim and issue preclusive effect in federal courts . . . . On the other hand, the [Supreme] Court has drawn the line at claim preclusion for *unreviewed* state agency findings . . . . Although Staats's claims arise under the . . . Rehabilitation Act, not Title VII, we think the logic of . . . Elliott applies equally to other federal anti-discrimination statutes. Because the Wisconsin circuit court entered a judgment in Staats's case, we have a 'reviewed' state administrative decision, which is entitled to whatever degree of claim preclusion Wisconsin would give it." (Emphasis added).

Staats's reference to preclusion of Rehabilitation Act claims was quoted by the Second Circuit In Joseph v. Athanasopoulos, 648 F.3d 58, 64 n.6 (2d Cir. 2011): "Although

-2-

plaintiff's claims arise under the ADA and the Rehabilitation Act, not Title VII, we think the logic of . . . Elliott applies equally to other federal anti-discrimination statutes".

OHM argues that the quoted language in Staats and Joseph is merely dicta. OMH's Memorandum of Law [71], p. 3 of 7.  As to Staats, I do not agree.  Dicta is "a statement that is not essential to the holding".  In re Indu Craft, Inc., 749 F.3d 107, 116 (2d Cir. 2014). Staats's consideration of whether the administrative determination had been subjected to judicial review was essential to its preclusion analysis - for unless it had first made that finding, it would not have proceeded to analyze whether Wisconsin courts would give preclusive effect to the administrative determination.  *See* 220 F.3d at 514 ("[b]ecause the Wisconsin circuit court entered a judgment in Staats's case, we have a 'reviewed' state administrative decision, which is entitled to whatever degree of claim preclusion Wisconsin would give it").

While I agree that Joseph's quotation from Staats is dicta (since Joseph involved claims under Title VII and the Americans with Disabilities Act rather than the Rehabilitation Act), the fact that the Second Circuit specifically quoted Staats's reference to the Rehabilitation Act is, in my view, a strong indication of how the Second Circuit would rule if confronted with the precise question raised in this case.

While OHM submits that its "research did not uncover any court decisions addressing that question in isolation" (OMH's Memorandum of Law [71], p. 4 of 7), as previously discussed, I believe that Staats did.  *See also* Carpenter-Barker v. Ohio Department of Medicaid, ___F. Supp.3d___, 2016 WL 2937477, *5 (S.D. Ohio 2016) ("[a]lthough Elliott . . . involved discrimination claims arising under Title VII of the Civil Rights Act of 19964, the same principle applies to ADA and Rehabilitation Act claims . . . . [Plaintiff's] ADA and Rehabilitation Act claims were never subjected to review by a state court.  Consequently, the

-3-

claim preclusion doctrine does not prohibit Plaintiff from litigating her ADA and Rehabilitation Act claims in this Court").

Since OHM does not contend that the DHR administrative determination was reviewed by a state court, that determination does not entitle OMH to dismissal of the Rehabilitation Act claims asserted in the Amended Complaint. While plaintiff also seeks an award of costs and fees, characterizing OMH's motion as "frivolous" (plaintiff's Memorandum of Law [70], pp. 4, 8), absent plaintiff's compliance with the "safe harbor" requirements of Rule 11(c)(2) that request will not be considered. See Castro v. Mitchell, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010) (citing numerous authorities).[2]

**CONCLUSION**

For these reasons, I recommend that OMH's motion for summary judgment [65] be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by November 3, 2016 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

---

[2] In any event, although I am not persuaded by OMH's arguments, I do not find them to be frivolous.

magistrate judge in the first instance.  Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 17, 2016

                                         /s/ Jeremiah J. McCarthy
                                         JEREMIAH J. MCCARTHY
                                         United States Magistrate Judge