UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAPHNE VAN EVER-FORD,                           **REPORT AND**
                                                **RECOMMENDATION**
                          Plaintiff,
v.                                              13-CV-00412-LJV-JJM

STATE OF NEW YORK, OFFICE OF MENTAL
HEALTH (BUFFALO PSYCHIATRIC CENTER),

                          Defendant.
_____

        Before the court is plaintiff Daphne Van Ever-Ford's motion for leave to file a Second Amended Complaint [82].[1] That motion has been referred to me for initial consideration [14]. After the motion was fully briefed, I issued an Order to Show Cause ("OSC") [89] directing plaintiff to show cause in writing why her motion for leave to file a Second Amended Complaint should not be denied under the "good cause" standard of Fed. R. Civ. P. ("Rule") 16(b)(4). Having reviewed the parties' responses [90, 92], as well as their earlier submissions [82, 87, 88], I recommend that plaintiff's motion be denied.[2]

---

[1]    Bracketed references are to the CM/ECF docket entries.

[2]    "District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." Zink v. First Niagara Bank, N.A., 2015 WL 423221, *1, n. 2 (W.D.N.Y. 2015). While there is contrary authority (see Eastman Chemical Co. v. Nestlé Waters Management & Technology, 2014 WL 1316772, *2 (S.D.N.Y. 2014) (advocating a nondispositive standard of review where "denial of leave to amend was based on procedural issues like failure to comply with a scheduling order")), I prefer to err on the side of caution.

**BACKGROUND**

Plaintiff, a former employee of the defendant New York State Office of Mental Health, commenced this action alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Complaint [1]. At the outset of this action, I conducted a preliminary pretrial conference and entered a Case Management Order ("CMO") [19], requiring any motions to amend pleadings or to join other parties to be filed by April 2, 2014. Id., ¶6. The CMO cautioned that "[n]o extension of the [deadlines] will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension". Id., p. 2. No motions for leave to amend were filed by the April 2 deadline, nor was an extension of the deadline to file such motions requested.

In accordance with the dispositive motion deadline of the CMO, which I extended at defendant's unopposed request [23], defendant filed its first motion for summary judgment [25]. That motion was denied. *See* September 21, 2015 Report and Recommendation [38], adopted by November 30, 2015 Decision and Order [43]. Thereafter, Judge Vilardo issued a Pretrial Order [54], which set deadlines for pretrial memoranda, motions *in limine*, witness and exhibit lists and proposed *voir dire*, and scheduled a final pretrial conference and trial (initially scheduled to commence on August 23, 2016, and then adjourned to November 29, 2016 [62]) .

With defendant's consent [64-1], on August 18, 2016 plaintiff filed an Amended Complaint [64] that continued to assert disability discrimination based on the same factual allegations of the Complaint, but this time pursuant to the Rehabilitation Act of 1973 (29 U.S.C. §701 *et seq.*) rather than the ADA. Plaintiff's counsel explains that "[i]t was not until the preparation of the jury instructions and pretrial memorandum, dated July 19, 2016, that Plaintiff discovered there was an error in the original complaint - Defendant New York State was immune

from liability under the ADA and instead could only be liable for disability discrimination under the Rehabilitation Act . . . . Plaintiff had not previously been aware of the issue and Defendant had never raised it." Plaintiff's Memorandum of Law [90], p. 1 of 10; plaintiff's Pre-Trial Memorandum [59], p. 4 n. 1.

In lieu of answering the Amended Complaint, defendant moved for summary judgment [65], arguing that the Rehabilitation Act claim was barred by the doctrine of *res judicata*. Pending resolution of that motion, Judge Vilardo suspended the deadlines of his Pretrial Order, including the scheduled trial. September 12, 2016 Text Order [68]. By Report and Recommendation dated October 17, 2016 [72], I recommended that defendant's motion be denied. Objections to the Report and Recommendation remain pending [73].

On June 8, 2017, plaintiff filed the current motion pursuant to Rule 15(a)(2) seeking to add Marie T. Sullivan, Commissioner of the Office of Mental Health, as a defendant in her official capacity, and reasserting her disability discrimination claim brought under the ADA against the Commissioner for prospective injunctive relief, including reinstatement. *See* proposed Second Amended Complaint [82-3]. Plaintiff's counsel explains that "after correcting the cause of action against Defendant, Plaintiff discovered that she should not have removed the cause of action under the ADA and instead should have simply added the Commissioner . . . as a co-Defendant in order to impose at least partial liability under the ADA, as well as adding the Rehabilitation Act claim". Plaintiff's Memorandum of Law [90], p. 4.

Defendant opposes the motion solely on the grounds of undue delay and prejudice. Defendant's Memorandum of Law [87]. Although defendant does not raise the Rule 16 "good cause" standard, I am "compelled to raise it *sua sponte*". Briceno v. USI Services Group, Inc., 2016 WL 324964, *4, n. 8 (E.D.N.Y. 2016).

## ANALYSIS

"Where a scheduling order governs amendments to the complaint, and a plaintiff wishes to amend after the deadline to do so has passed, the plaintiff must show good cause to modify the deadline under Rule 16." BPP Illinois, LLC v. Royal Bank of Scotland Group PLC, 859 F.3d 188, 195 (2d Cir. 2017). "Whether good cause exists turns on the diligence of the moving party." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). "[W]hile the absence of prejudice to a non-moving party may be relevant in determining whether leave to amend should be granted under Rule 15(a), it does not fulfill the 'good cause' requirement of Rule 16(b)." Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997).

In response to my OSC, plaintiff argues that the "good cause" requirement of Rule 16 does not apply because the CMO only addressed "scheduling through the filing of dispositive motions" and that Judge Vilardo's Pretrial Order, which "does not preclude the proposed amendment", governs. Plaintiff's Memorandum of Law [90], p. 3. While creative, that argument is not persuasive. Judge Vilardo's Pretrial Order did not supersede the CMO or render it moot. As plaintiff recognizes, it merely "picked up where . . . the [CMO] left off". Plaintiff's Memorandum of Law [90], p. 3. Otherwise, "after discovery and dispositive motion practice . . . a party could again seek leave to amend their pleading or to add parties", thereby rendering the deadlines of the CMO "meaningless". Defendant's Memorandum of Law [92], p. 5 of 7.

Alternatively, plaintiff argues that she has demonstrated "good cause" for the extension by acting "in a diligent manner to amend her complaint the first time and to seek leave to further amend her complaint". Plaintiff's Memorandum of Law [90], p. 5. Initially, plaintiff's stipulated amendment of the Complaint – an act not governed by the CMO, which applies to

-4-

*motions* for leave to amend – has no bearing on whether she can demonstrate diligence in seeking leave to file a Second Amended Complaint.

Plaintiff explains that she could not have earlier sought to add an ADA claim against the Commissioner for reinstatement because "the law was not clear at the time of the deadline to amend . . . let alone when [she] first amended her complaint, as to whether an amendment would have even been possible". Plaintiff's Memorandum of Law [90], p. 8. According to plaintiff's counsel, "[i]t was not until the decision in Frantti v. State of New York, [2017 WL 922062, *5 (N.D.N.Y. 2017)] that Plaintiff realized her initial cause of action under the ADA was viable against Defendant's employees acting in their official capacity". Id., p. 7.

However, Frantti did not create new or clarify existing law. At least since the commencement of this action, it has been well-settled that actions pursuant to "Title II [of the ADA[3]] . . . for prospective injunctive relief may, under the doctrine established by Ex parte Young, 209 U.S. 123 . . . (1908), proceed against individual officers in their official capacity". Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). *See* Henrietta D. v. Bloomberg, 331 F.3d 261, 289 (2d Cir. 2003) ("there is no basis for holding that the ADA . . . intended to create the kind of comprehensive enforcement scheme that would preclude prospective injunctive relief against a state official in her official capacity"); Phelan v. Quinn, 2012 WL 2325845, *3 (N.D.N.Y.), adopted, 2012 WL 2326161 (N.D.N.Y. 2012) ("it is . . . well settled that claims for prospective or injunctive relief may proceed against individual defendants in their official capacities").

---

[3] Title II of the ADA prohibits discrimination by a "public entity," which includes any state government or agency thereof. 42 U.S.C. §§12131(1)(A), (B).

In fact, contrary to plaintiff's current position that the state of the law was unclear prior to Frantti, her motion for leave to amend cites to a variety of controlling Second Circuit authority, including some of the cases cited above – all of which pre-date the commencement of this action. *See* Plaintiff's Memorandum of Law [82-1], p. 5. Therefore, "in the exercise of due diligence, the plaintiff unquestionably could have discovered this legal authority in a timely manner." Baker v. City of Safety Harbor, 2008 WL 11336627, *2 (M.D. Fla. 2008). Even accepting plaintiff's argument that granting leave for the amendment would not prejudice defendant (plaintiff's Memorandum of Law [90], p. 2), absent a showing of diligence (and none has been shown), the motion cannot be granted. *See* Carnrite, 175 F.R.D. at 446.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion for leave to file a Second Amended Complaint [82] be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by September 26, 2017. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: September 12, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
